UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVE LIVNEH, HENVIL CORPORATION,
LTD., AND LICAN DEVELOPMENTS, LTD.,

    Plaintiffs,
v.                          Case No. 8:12-cv-1498-T-33TBM

BOVIE MEDICAL CORPORATION,
ANDREW MAKRIDES, AND
MOSHE CITRONOWICZ,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants' Memorandum of Law Concerning Subject Matter Jurisdiction (Doc. # 59) filed on May 14, 2013. Plaintiffs filed a jurisdictional brief (Doc. # 66) on May 22, 2013, and a supplemental memorandum (Doc. # 69) on June 23, 2013. For the reasons that follow, the Court determines that the requirements of federal diversity jurisdiction have been satisfied and the Court has subject matter jurisdiction over this case.[1]

---

[1] The Court recognizes that summary judgment motions have been filed. The present Order should not be interpreted as addressing the merits of any pending motion or claim. Rather, the Court issues this Order to resolve the threshold issue of whether the requirements of federal diversity jurisdiction have been satisfied.

## I. Factual and Procedural Background

"Plaintiff Steve Livneh is the owner of Plaintiffs Henvil Corporation, Ltd. and Lican Developments, Ltd." (Doc. # 54 at 1). Defendant Bovie Medical Corporation and its associates Andrew Makrides and Moshe Citronowitz sell medical devices. (Id. at 1-2). The parties entered into a settlement agreement "that was intended to resolve two litigations, No. 08:10-cv-1527-SCB-EAJ in the Middle District of Florida and No. 10-9529 (CM)(GWG) in the Southern District of New York." (Id. at 2).

In the settlement agreement, Plaintiffs were "granted an exclusive license to produce, market and sell the Seal-N-Cut device in the People's Republic of China." (Id.). The settlement agreement also "provided that Defendant Bovie would sell Livneh ICON VS Generators and assign certain patents to Plaintiffs." (Id.). Plaintiffs contend that Defendants breached the settlement agreement and filed this action against Defendants on July 5, 2012, seeking damages for breach of contract, tortious interference with business expectancies, and fraud in the inducement. (Doc. # 1).

The Court initially questioned the sufficiency of Plaintiffs' Complaint allegations regarding complete

2

diversity of citizenship among the parties. (Doc. # 53). At the direction of the Court, Plaintiffs filed a jurisdictional brief explaining that Plaintiff Livneh is a citizen of Canada, and Plaintiffs Henvil Corporation, Ltd. and Lican Developments, Ltd. are Canadian corporations both with their principal places of business in Ontario, Canada. (Doc. # 56). Furthermore, Defendant Bovie Medical Corporation is a Delaware corporation with its principal place of business located in Florida. Id. Defendant Makrides is a citizen of New York. Id. Defendant Citronowitz is a citizen of Florida. Id. Thus, there is complete diversity between the parties.

At this juncture, Defendants have challenged the amount in controversy component of federal diversity jurisdiction claiming that Plaintiffs failed to allege a sufficient recoverable sum. (Doc. # 59). Plaintiffs and Defendants both submitted jurisdictional briefs outlining their positions on the amount in controversy component of federal diversity jurisdiction and this Court's subject matter jurisdiction. In addition, Plaintiffs have tendered the report of their economic damages expert, Michael N. Kahaian, in which he opines that Plaintiffs have incurred economic damages of $10,392,652.00. (Doc. # 69 at 2).

3

**II.  Diversity Jurisdiction Analysis**

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).  Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  And "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  The Court will now examine the case to ensure that federal jurisdiction exists.

It is axiomatic that "[f]or federal diversity jurisdiction to attach, all parties must be completely diverse and the amount in controversy must exceed $75,000." Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010)(internal citations omitted).

In this case, the Complaint alleges that "Plaintiffs have been damaged by Defendants' breach in an amount in

4

excess of $75,000." (Doc. # 1 at 11). In addition, as noted above, Plaintiffs' economic damages expert also postulated that Plaintiffs have incurred economic damages of $10,392,652.00. (Doc. # 69 at 2).

"The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). "In deciding this question of good faith we have said that it 'must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" Id. As the Court explained in St. Paul Mercury Indemnity, "[t]he inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction." 303 U.S. at 289.

On the other hand, if it is "apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount," the suit should be dismissed for lack

5

of jurisdiction. Id. See also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002) (noting that in light of plaintiff's request for actual damages exceeding $750,000 and over $1,000,000 in punitive damages "it does not appear 'to a legal certainty' that Mitchell cannot recover the amount claimed."); Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (noting that "[a] plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith.").

Defendants have not shown that the Complaint is so clearly deficient as to reflect to a legal certainty that the Plaintiffs could not recover the amount alleged or that Plaintiffs have alleged inflated damages to satisfy the jurisdictional minimum. Rather, Defendants assert that Plaintiffs have not identified the components of their damages amount (Doc. # 59 at 3); however, Rule 8 of the Federal Rules of Civil Procedure does not require specificity or identification of components regarding a demand for relief sought. Fed. R. Civ. P. 8.

Similarly, Defendants have not argued that Plaintiffs' allegations concerning the amount in controversy were made in bad faith. Instead, Defendants contend that "plaintiffs

6

have not alleged (and are unable to prove) facts demonstrating by a preponderance of the evidence that their actual recoverable damages exceed the $75,000 statutory minimum." (Doc. # 59 at 2). When a plaintiff claims indeterminate damages, "the . . . 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Bradley v. Kelly Servs., Inc., 224 F. App'x 893, 895 (11th Cir. 2007) (quoting Federated Mut. Ins. Co., 329 F.3d at 807).

In Bradley, the plaintiff did not present any damages calculations, only made general allegations "that she suffered damages," and "never quantified these losses with any specific dollar figures." Id. However, in the instant case, Plaintiffs have presented more than conclusory allegations as they have proffered expert testimony that Plaintiffs have incurred economic damages of $10,392,652.00. (Doc. # 69 at 2). Thus, Plaintiffs have satisfied their jurisdictional burden of alleging a sufficient sum in good faith. Thus, on the present record, the Court is satisfied that diversity jurisdiction exists.

7

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Court determines that the requirements of federal diversity jurisdiction have been satisfied and the Court has subject matter jurisdiction over this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of July, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All counsel of record